**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| STOA RE LLC AND NICHOLAS STAROBIN | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | * | MAGISTRATE JUDGE |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant Allied World Surplus Lines Insurance Company ("Allied World") removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Allied World states as follows:

### BACKGROUND

1. On August 27, 2024, plaintiffs Stoa RE LLC and Nicholas Starobin filed a Petition for Damages ("Petition") in the 19th Judicial District for the Parish of East Baton Rouge, Louisiana, seeking damages for an alleged failure to pay covered losses under a property insurance policy. The state court action is captioned and numbered *Stoa RE LLC and Nicholas Starobin v. Allied World Surplus Lines Insurance Company*, bearing Civil Action No. 752735, Division "24." A copy of the Petition, together with all other materials contained in the state court record is attached hereto as Exhibit "A," as required by 28 U.S.C. §§ 1446(a) and 1447(b).

2. Plaintiffs' Petition alleges that Defendant insured Plaintiffs' property located at 11188 Florida Blvd., Baton Rouge, Louisiana 70815 ("the Property"). Exh. A, Petition at ¶ 3.

1

3. Plaintiffs allege that the Property was severely damaged because of frozen pipes and water damage resulting from winter weather conditions on January 15-17, 2024. Exh. A, Petition at ¶¶ 5-6.

4. Plaintiffs state that Allied World was notified of Plaintiffs' loss and issued previous payments on this claim in the amounts of $250,000 and $669,955.99. Exh. A, Petition at ¶¶ 11-13.

5. Plaintiffs' Petition asserts claims for breach of contract, bad faith, and mental anguish against Allied World for the alleged failure to fully pay for all the damages sustained to the Property. Exh. A, Petition at ¶¶ 17, 23, 25, 27.

6. Allied World was served with the Petition on September 5, 2024. Exh. A, Citation.

7. Allied World has not filed any responsive pleading in the 19th Judicial District Court for the Parish of East Baton Rouge in connection with this action. Exh. B, C-752735 Docket Sheet.

8. This Court has subject matter jurisdiction over this dispute pursuant to 28. U.S.C. § 1332(a).

## DIVERSITY JURISDICTION

9. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because (i) complete diversity exists among the parties to the case, and (ii) the amount in controversy exceeds $75,000, exclusive of costs and interests.

### *The Parties Are Completely Diverse*

10. A limited liability company adopts the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is

determined by the citizenship of all of its members."); *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("[A] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.") (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

11. Upon information and belief, Plaintiff Stoa RE LLC is a Texas LLC whose sole member, James Glancy, is a citizen of Texas. Exh. D, Stoa RE LLC Certificate of Formation. Therefore, Stoa RE LLC is a citizen of Texas.[1]

12. The Petition alleges that plaintiff Nicholas Starobin, an individual, is domiciled in Hays County, Texas; accordingly, he is a citizen of that state for diversity purposes. Exh. A, Petition at ¶ 1; *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (providing that the citizenship of an individual is determined by the individual's domicile.)[2]

13. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[W]hen jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d

---

[1] Plaintiff Stoa RE LLC alleges that it is a foreign limited liability company authorized and doing business in Louisiana, with its principal place of business in Louisiana and domicile in Hays County, Texas. Exh. A, Petition at ¶ 1. Records from the Louisiana Secretary of State do not list Stoa RE LLC among companies licensed to do business in this state. *See generally* Exh. C, LA Secretary of State Search Results.

[2] The Petition alleges that Nicholas Starobin is an "owner and officer" of Stoa RE LLC. Because Starobin is a Texas resident, to the extent he is a member of Stoa RE LLC, his citizenship would not alter the analysis of the citizenship of Stoa RE LLC and would not disturb diversity for purposes of removal.

1254, 1259 (5th Cir. 1988) (quoting *McGovern v. American Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975) (emphasis in original).

14. Defendant Allied World is an insurance company incorporated in the state of Arkansas, with its principal place of business in the state of New York. *See* Exh. E, Louisiana Department of Insurance Company Search. Allied World is therefore a citizen of Arkansas and New York for purposes of determining diversity jurisdiction.

15. Defendants Stoa RE LLC and Nicholas Starobin are citizens of Texas, and Allied World, the only defendant, is a citizen of Arkansas and New York. Accordingly, complete diversity exists among the parties in the case, satisfying the requirement of 28 U.S.C. § 1332(a).

### *The Amount In Controversy Exceeds $75,000*

16. Under 28 U.S.C. § 1332(a), district courts have subject matter jurisdiction over disputes between completely diverse parties where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

17. Allied World, as the removing party, may "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). A removing party meets this burden by demonstrating that it is facially apparent from the petition that the claims are likely to exceed $75,000, or by setting forth facts in controversy that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).

18. In notices of removal that allege the amount in controversy is met based upon a claim for breach of an insurance contract, "it is the actual value of [the plaintiff's] claimed damages that is relevant to the amount in controversy determination, not his 'potential recovery'

based upon the alleged valued of the underlying insurance policy." *See Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *3 (M.D. La. Mar. 25, 2009)

19.     Here, the facts in controversy support a finding that the actual value of Plaintiffs' claim meets the requisite amount.

20.     Plaintiffs state that Allied World has "denied coverage for the HVAC system." *See* Exh. A, Petition at ¶ 9.  Plaintiffs' Petition does not define "HVAC system," however.

21.     During its review of Plaintiffs' claim, Allied World's HVAC consultants examined the property and the 65 air conditioning units there. Allied World determined that the total replacement cost for all of these units would be $268,409.70. Exh. F, Excerpts from April 18, 2024 Onsite Assessment Report at p. 33. Allied World ultimately determined that the cost of replacing these units was not covered by the insured's policy.

22.     Plaintiffs later requested that Allied World reinspect 12 of the Property's air conditioning units. Based on the prior assessment, replacing these units would cost $49,552.56. *See* Exh. F, Excerpts from April 18, 2024 Onsite Assessment Report. Allied World ultimately determined that the cost of replacing these units was not covered by the insured's policy.

23.     In addition, Plaintiffs' Petition claims that they are "entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage." Exh. A, Petition at ¶ 14.

24. Plaintiffs have demanded an offer for contents including "sofas, coffee tables, medical beds, end tables, dressers, desks, and bookcases." *See* Exh. G, B. Roy September 20, 2024 Email to G. Gauthreaux.

25. Plaintiffs have demanded $88,229.48 in recoverable depreciation. *See* Exh, G, B. Roy September 20, 2024 Email to G. Gauthreaux.

26. Plaintiffs expressly seek penalties under Louisiana Revised Statutes 22:1892 and 22:1973, which are included as part of the amount in controversy. Exh. A, Petition at ¶¶ 20, 21; *see St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages."); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) ("If state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

27. In some cases, the penalties available under Louisiana law may total 50% of the loss payment owed. Thus, Plaintiffs' claim for penalties associated with the cost of replacing even just 12 air conditioning units at the Property could add an additional $24,776.28 to the amount in controversy.

28. Further, Plaintiffs allege that, under *In re Air Crash Disaster Near New Orleans, La. On July 9, 1982*, 764 F.2d 1084 (5th Cir. 1985), they can "establish and substantiate his damages for mental anguish which is the direct result of ALLIED's breaches of its duty of good faith and fair dealing." *See* Exh. A, Petition at ¶ 25.

29. Accordingly, the severity of the injuries alleged, and the extent of relief sought by Plaintiffs establish that the amount in controversy exceeds $75,000.

6

30. With complete diversity of citizenship between the parties and the amount in controversy exceeding $75,000, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The action may therefore be removed to federal court under 28 U.S.C. § 1441(b).

### VENUE AND PROCEDURAL COMPLIANCE

31. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is located within the United States District Court for the Middle District of Louisiana. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a) and 28 U.S.C. § 98(c).

32. In addition, pursuant to 28 U.S.C. § 1446(a), Allied World has also attached a copy of all process, pleadings, and orders served on it as of the date of this filing. *See generally* Exh. A.

33. Allied World was served through the Louisiana Secretary of State, Nancy Landry, on September 5, 2024. Exh. A, Citation. This removal is timely because it was filed within 30 days of receipt of the initial pleading, satisfying 28 U.S.C. § 1446(b)(1).

34. In addition, this Notice of Removal comes less than one year after the commencement of the state court action, as required for cases removed on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(1).

35. Because Allied World is the only defendant in this case, there are no defendants "properly joined and served" to join in or consent to this removal. *See generally* 28 U.S.C. § 1446(b)(2)(A).

36. As required by 28 U.S.C. § 1446(d), Allied World will promptly file written notice of this removal in the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana, and serve the Plaintiff.

37. Allied World does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in these proceedings.

38. If any question arises as to the propriety of this removal, Allied World requests the opportunity to present further briefing and argument in support of removal, or to conduct limited discovery into jurisdictional issues, if necessary.

## CONCLUSION

Allied World hereby removes this lawsuit to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and all other applicable laws and rules.

Respectfully submitted,

*/s/ Michael A. Balascio*
Michael A. Balascio, 33715
R. Chad Thornton, 40970
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
mbalascio@barrassousdin.com
cthornton@barrassousdin.com

*Attorneys for Allied World Surplus Lines Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the above has been served on all counsel by electronic mail on October 4, 2024.

*/s/ Michael A. Balascio*