EAST BATON ROUGE PARISH **C-752735**
Filed Aug 27 2024 4:14 PM
Deputy Clerk of Court
E-File Received Aug 27, 2024 2:28 PM

Case 3:24-cv-00829-BAJ-SDJ   Document 1-2   10/04/24   Page 1 of 12

**19ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

DOCKET NO.                                                    DIVISON " "

**STOA RE LLC AND NICHOLAS STAROBIN**

**VS.**

**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY**

FILED: _____            _____
                                                                    **DEPUTY CLERK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**PETITION FOR DAMAGES**</u>

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, **STOA RE LLC and NICHOLAS STAROBIN** (hereinafter "Plaintiffs"), who respectfully represent as follows.

**PARTIES**

1.

The parties herein are:

Plaintiff, **STOA RE LLC** is a foreign Louisiana limited liability company authorized and doing business in Louisiana, with its principal place of business in Louisiana and domiciled in Hays County, Texas;

Plaintiff, **NICHOLAS STAROBIN** owner and officer of **STOA RE LLC**, a natural person of the full age of majority who is domiciled in Hays County, Texas; and

Made defendant herein is **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (**hereinafter **"ALLIED"),** a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, defendant **ALLIED** is an Arkansas corporation with its principal place of business in Little Rock, Arkansas. Upon information and belief, **ALLIED** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **ALLIED**, at all material times, has conducted business within the State of Louisiana, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, Arkansas.


**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

**EXHIBIT A**

Generated Date:
10/2/2024 3:07 PM

## VENUE

2.

Venue is proper in this Court as the subject property is located in East Baton Rouge Parish.

## FACTUAL BACKGROUND

3.

**ALLIED** insured the property of Plaintiffs located at 11188 Florida Blvd., Baton Rouge, Louisiana 70815 under Policy No. 50881958-00, which was in full force and effect on January 17, 2024.

4.

Where used herein, **ALLIED** refers to not only the named entity but to anyone acting for or on behalf of **ALLIED** in relation to the claim of Plaintiffs, including the employees, contractors, adjusters and agents of **ALLIED** or anyone providing services to **ALLIED** relating to the claims of Plaintiffs, including but not limited to the Third-Party Administrator of **ALLIED.**

5.

The National Weather Service placed East Baton Rouge Parish under a Winter Weather Advisory and Wind Chill Advisory which included a hard freeze warning starting on January 15, 2024.

6.

On January 17, 2024, the Plaintiffs' property located at 11188 Florida Blvd., Baton Rouge, Louisiana 70815 was severely damaged as a result of frozen pipes and subsequent water damage.

7.

As a result of the damage, **STOA RE LLC** was forced to cease construction resulting in a significant delay on the intended opening date for Stoa Behavioral Health Clinic.

8.

As a result of the damage, Stoa has incurred significant revenue loss.

9.

**ALLIED** has denied coverage for the HVAC system, causing Plaintiff to incur additional out of pocket costs.

**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
10/2/2024 3:07 PM

10.

On or about January 25, 2024, **ALLIED** was notified of the loss to the Plaintiffs' property and provided satisfactory proof of loss when it was given access to inspect all damages at the insured property without limitation on January 26, 2024.

11.

**ALLIED** inspected the property and prepared an estimate finding $669,955.99 in damages.

12.

On or about February 20, 2024, **ALLIED** issued a check: $250,000.00 for COV A (dwelling).

13.

On March 4, 2024, **ALLIED** tendered an additional check: $696,026.71 for COV A (dwelling).

14.

To date, **ALLIED** has failed to fully pay for all of the damages sustained to the Plaintiffs property.

**CLAIM FOR BREACH OF CONTRACT**

15.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

16.

**ALLIED** undeniably owes Plaintiffs the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above designated policy and has failed to unconditionally tender the full amounts owed unconditionally.

17.

**ALLIED** is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

18.

In addition to amounts reflected in proofs of loss already received by **ALLIED,** Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the

**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
10/2/2024 3:07 PM

enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

### CLAIMS FOR VIOLATIONS OF LA. R.S. § 22:1892 AND/OR §22:1973

19.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

20.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **ALLIED,** to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable, attorney fees and costs.

21.

Louisiana Revised Statute § 22:1973 imposes on insurers in first-party claims a duty of good faith and fair dealing, including an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured **within sixty (60)** days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

22.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

23.

More than thirty and sixty days have elapsed since **ALLIED** first received satisfactory proof of loss of all of Plaintiffs' claims, and **ALLIED** still has not made an unconditional tender of all amounts owed, thereby triggering the application of the penalties found in the above-referenced statutes.

**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
10/2/2024 3:07 PM

24.

In addition to the amount of the loss owed, **ALLIED** is also liable to Plaintiffs for a penalty of 50% of the amount due from **ALLIED,** as well as reasonable attorney's fees and costs, based on **ALLIED's** failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because **ALLIED's** failure to do so was arbitrary, capricious, or without probable cause.

25.

"Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans*, La. on July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985). In this case, Plaintiff is able to establish and substantiate his damages for mental anguish which is the direct result of **ALLIED's** breaches of its duty of good faith and fair dealing.

26.

As a result of **ALLIED's** failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer damages for which **ALLIED** is liable, including but not limited to mental anguish, aggravation, and inconvenience, for **ALLIED's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

27.

In addition to actual damages for its Violation of Louisiana Revised Statue § 22:1973, **ALLIED** is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
10/2/2024 3:07 PM

28.

ALLIED is and continues to be in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest, and costs.

WHEREFORE, after due proceedings hereon, Plaintiffs **STOA RE LLC and NICHOLAS STAROBIN** pray for judgment in their favor against Defendant **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
LANDIS R. SILVA (#40642)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
mmontiel@montielhodge.com
stalley@montielhodge.com
jgriffin@montielhodge.com
lnguyen@montielhodge.com
lsilva@montielhodge.com
**Attorneys for the Plaintiffs**

**PLEASE SERVE DEFENDANT:**
**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY**
Through Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809

**Certified True and Correct Copy**
CertID: 2024100200947

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
10/2/2024 3:07 PM

**RETURN COPY**



**D14940522**

# CITATION

**STOA RE LLC, ET AL**
(Plaintiff)

**VS**

**ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY**
(Defendant)

**NUMBER C-752735  "24"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY
      THROUGH ITS REGISTERED AGENT
      LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 30, 2024.**



*Alicia Kirksey*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MONTIEL,, MARK G., JR.**
*The following documents are attached:
PETITION FOR DAMAGES

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20_____ and on the _____ day of _____, _____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
East Baton Rouge Sheriff Office
SEP 0 4 2024

**RETURN COPY**



D14940522

# CITATION

**STOA RE LLC, ET AL**
(Plaintiff)

**NUMBER C-752735  "24"**

**VS**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**ALLIED WORLD SURPLUS LINES**
**INSURANCE COMPANY**
(Defendant)

**STATE OF LOUISIANA**

TO:    **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY**
**THROUGH ITS REGISTERED AGENT**
**LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 30, 2024.**



*Alicia Kirksey*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MONTIEL,, MARK G., JR.**
*The following documents are attached:
**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20_____ and on the _____ day of _____, _____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____, or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
East Baton Rouge Sheriff Office
SEP 0 4 2024

**RETURN COPY**



D14940522

# CITATION

| | |
|---|---|
| **STOA RE LLC, ET AL**<br>(Plaintiff) | **NUMBER C-752735  "24"** |
| | **19TH JUDICIAL DISTRICT COURT** |
| **VS** | |
| | **PARISH OF EAST BATON ROUGE** |
| **ALLIED WORLD SURPLUS LINES**<br>**INSURANCE COMPANY**<br>(Defendant) | **STATE OF LOUISIANA** |

**TO:    ALLIED WORLD SURPLUS LINES INSURANCE COMPANY**
**THROUGH ITS REGISTERED AGENT**
**LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 30, 2024.**



*Alicia Kirksey*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MONTIEL,, MARK G., JR.**
*The following documents are attached:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____          _____
TOTAL:  $_____                    Deputy Sheriff
                                            Parish of East Baton Rouge

CITATION-2000

*I made service on the named party through the Office of the Secretary of State on AUG 05 2024 by tendering a copy of this document to: JULIE NESBITT*
*DY. B. GARAFOLA #0977*
*Deputy Sheriff, Parish of East Baton Rouge, LA*

RECEIVED
East Baton Rouge Sheriff Office
SEP 0 4 2024